**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **Criminal No. TJS-25-03027** |
| **JAVON MINOTT,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR RETURN OF PROPERY PURSUANT TO RULE 41(g)

Defendant Javon Orane Minott, through counsel, respectfully moves this Court for the return of his cellular phone, which remains in the possession of the government despite termination of the underlying criminal proceedings. In support of this motion, Mr. Minott states:

1.      On November 17, 2025, Javon Minott was arrested in Maryland.

2.      On November 20, 2025, the government filed a criminal complaint in the District of Maryland charging Mr. Minott with a violation of 18 U.S.C. § 2242. ECF No. 1. An initial appearance was held on November 20, 2025, three days after his arrest.

3.      Following his arrest and during pretrial proceedings, Mr. Minott's personal cellular phone – associated with the phone number ending in 9423 – was seized. The government has represented that it subsequently obtained a warrant to search the cellular phone.

4.      Mr. Minott remained in custody from November 17, 2025 until December 4, 2025, when the government voluntarily dismissed the complaint without prejudice. A preliminary hearing had been scheduled for that same day.

5.      At present, there is no active criminal prosecution against Mr. Minott, nor has the government initiated any related forfeiture proceedings.

6.    On December 4, 2025 counsel requested the return of Mr. Minott's property, including his personal cell phone.

7.    Counsel for the government responded that Mr. Minott's "cellphone is evidence while the investigation is going. However, his wallet, his passport, and other items can be returned to him."

8.    Federal Rule of Criminal Procedure 41(g) provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

9.    "The general rule is that seized property should be returned to the rightful owner after criminal proceedings have terminated, 'unless it is contraband or subject to forfeiture.'" *United States v. Roca*, 676 F. App'x 194 (4th Cir. 2017).

10.    "During the pendency of a criminal prosecution, the movant bears the burden of demonstrating his entitlement to the return of the subject property; however, because a person from whom property was seized is presumed to have a right to its return, at the conclusion of the criminal proceedings, the burden shifts to the government to demonstrate a legitimate reason for retaining the property." *Roca*, 676 F. App'x at 194 (*citing United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999); *United States v. Van Cauwenbergh*e, 934 F.2d 1048, 1061 (9th Cir. 1991)).

11.    Continued retention of Mr. Minott's phone is now presumptively unlawful. Mr. Minott's cell phone is neither contraband[1] nor subject to any forfeiture action. The government bears the burden of demonstrating a legitimate ongoing interest in retaining the device. It has made no such showing.

---

[1] Black's Law Dictionary defines contraband as "[i]llegal or prohibited trade" or "[g]oods that are unlawful to import, export, produce, or possess." *See Contraband*, Black's Law Dictionary (12th ed. 2024). Mr. Minott's personal cell phone does not remotely satisfy either definition.

12.    Although a search warrant was obtained to search the phone, the existence of that warrant does not justify indefinite retention once the related prosecution has been terminated and no new charges are pending.

13.    The continued and prolonged deprivation of Mr. Minott's property implicates his Fourth Amendment rights. *See United States v. Place*, 462 U.S. 696, 709-10 (1983) (noting that seizures must be limited in duration and concluding 90 minute seizure of a traveler's luggage was unreasonable); *see also Asinor v. D.C.*, 111 F.4th 1249, 1252 (D.C. Cir. 2024) ("When the government seizes property incident to a lawful arrest, the Fourth Amendment requires that any continued possession of the property must be reasonable. We reach this conclusion based on the Fourth Amendment's text and history, as well as modern Supreme Court precedents regarding the constitutionally permissible duration of seizures, whether of property or persons.").

14.    Mr. Minott, now released, is prejudiced by his inability to access and use his cell phone, making activities of day-to-day living difficult. While the initial seizure of the cell phone may be understandable, the government's continued retention, absent any active prosecution, has become constitutionally unreasonable.

15.    Counsel acknowledges that, because there is no pending criminal case, the filing of this motion may be treated as initiating a separate civil equitable action under Rule 41(g). *Roca*, 676 F. App'x at 194.

16.    The defense is respectfully requesting a prompt evidentiary hearing and that the government be ordered to bring the cell phone to the proceeding. *See* Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion.").

17.    Assistant United States Attorney Megan McKoy opposes the requested relief.

WHEREFORE, for the reasons set forth above, Mr. Minott respectfully requests that the Court order the return of his personal cellular phone and grant such other relief as justice may require.

Respectfully submitted,

JAMES WYDA

Federal Public Defender for the District of Maryland


_____/s/_____
ERIC PILCH (NY # 5652979; MD # 2411121001)
ELLIE MARRANZINI (#817525)
Assistant Federal Public Defenders
Office of the Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 344-0600
Eric_Pilch@fd.org
Ellie_Marranzini@fd.org